### D. & A. WESSON *v.* GARRISON & FUQUA.

The protest of a bill of exchange stated that the bill was presented for payment at the office of the drawees, to a gentleman styling himself book-keeper of the house, and who answered that he was duly authorized to say that the bill would not be paid. *Held:* This was a sufficient presentment and it was not necessary that the notary should certify that the drawees were at the time absent from the counting room.

The relations of drawer and acceptor create no right to call the acceptor in warranty.

APPEAL from the District Court, Seventh District, Parish of East Feliciana, *Stirling*, J. *Merrick*, for plaintiffs. *Pond, jr.*, for defendants and appellants.

SLIDELL, J. We think the District Judge did not err in treating as an answer what the defendant styled a peremptory exception.

The bill was properly protested on the third day of grace, 4th February, the request in the body of the bill being to pay on the 1st February. The bill was drawn in New York on a New Orleans drawee. The discussion in the appellants brief of foreign usage, is utterly irrelevant.

The protest states, that the bill was presented for payment at the office of *G. Burke & Co.*, the drawees, to a gentleman styling himself book-keeper of that house, and who stated that he was duly authorized to answer the bill would not be paid. This was a sufficient presentment, and it was not necessary the notary should certify that the drawees were at the time absent from their counting room.

In their answer, the defendants alleged that they had funds in the hands of *G. Burke & Co.* to meet the bill, and that, by accepting, they undertook to pay it, and the defendants asked leave to cite them in warranty, which the Court refused. We do not consider the relation of drawer and acceptor as creating a right to call in warranty, under article 379 of the Code. It has not been so understood in practice, and does not fall within the strict terms of the Code. The drawer has his recourse against the acceptor when he has paid, but has no right to delay the holder until he can bring him in. See *Lanusse* v. *Massicott*, 3 Martin, 261.

We think this appeal was taken for delay, and the appellants prayer for damages must be sustained.

Judgment affirmed, with $20 as damages for a frivolous appeal.